UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MERCEDES MURO,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. EDCV 14-00096-DFM<br><br>MEMORANDUM OPINION AND ORDER |

     Plaintiff Mercedes Muro ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying her application for Social Security disability insurance benefits. The Court concludes that the ALJ erred in relying on the testimony of the vocational expert ("VE") when determining that there were significant jobs available that Plaintiff could perform in the regional and national economies. The ALJ's decision is accordingly reversed and this matter is remanded for further proceedings consistent with this opinion.

///

///

///

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her application for benefits on June 10, 2010, alleging disability beginning November 28, 2006. Administrative Record ("AR") 28. The ALJ found that Plaintiff had the severe impairments of epicondylitis post-surgery, shoulder impingement, depression, and pain disorder. AR 30. The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with additional mental and physical limitations, including a limitation to "nonpublic, simple, repetitive tasks of one or two steps" and a limitation to "sedentary lifting or carrying with the right dominant side." AR 32.

The ALJ gave the VE a hypothetical based upon the ALJ's RFC. The VE testified that Plaintiff could perform the jobs of "sorter" under Dictionary of Occupational Titles ("DOT") 526.687-010 and "inspector" under DOT 529.687-114. AR 68-69. The VE testified that there were 100,000 such sorter jobs nationally and approximately 4,000 regionally; the VE allowed that those numbers should be decreased by 75 percent because of the limitations on Plaintiff's right side. AR 68, 72. The VE also testified that there were 200,000 such inspector jobs nationally and approximately 6,000 regionally; again, the VE allowed that those numbers should also be reduced by 75 percent. AR 69, 72. The VE allowed that her source for the number of jobs available was the Department of Labor Occupational Employment Statistics ("OES"). AR 70. The VE noted that she does "reduce" the numbers provided by the OES based on her experience looking at the numbers and the types of jobs in an area. AR 70-71. Relying upon the VE's testimony, the ALJ concluded that Plaintiff was not disabled because there were significant jobs available in the regional and national economies that she could still perform despite her impairments. AR 40-41.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) relying on the testimony of the VE at step five because the jobs identified by the VE do not exist in significant numbers in the national and regional economies; and (2) assessing Plaintiff's credibility.[1] See Joint Stipulation ("JS") at 4.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of

---

[1] Because the Court concludes that the ALJ erred in relying upon the VE's testimony at step five, the Court does not reach the remaining issue and will not decide whether this issue would independently warrant relief. Upon remand, the ALJ may wish to consider Plaintiff's other claim of error.

the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

Plaintiff contends that the VE's testimony establishing that there were jobs available in significant numbers in the national and regional economies was deficient and thus cannot satisfy the substantial evidence standard. JS at 4-16. The Court agrees.

**A.   Applicable Law**

An individual is not disabled if she can engage in work that exists in the national economy. The Commissioner must demonstrate that such jobs exist "in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3) (B); see Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 523-25 (9th Cir. 2014). "The burden of establishing that there exists other work in significant numbers"—either nationally or regionally—"lies with the Commissioner." Beltran v. Astrue, 700 F.3d 386, 389 (9th Cir. 2012). If a reviewing court finds the number of jobs at either the regional or national level significant, the ALJ's decision must be upheld. Id. at 390.

An ALJ may properly rely on a VE's "testimony regarding the number of relevant jobs in the national economy," as agency regulations allow an ALJ to "take administrative notice of any reliable job information." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). There is no "bright-line rule for what constitutes a significant number of jobs" in a region or in the national. Beltran, 700 F.3d at 389.

An ALJ's decision regarding the numerosity of an alternative occupation must be supported by substantial evidence. The "substantial evidence" standard involves a quantum of proof "more than a mere scintilla but less than a preponderance" of the evidence presented to the adjudicator. Orn v. Astrue,

495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is such that "a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). A reasonable mind need not accept obvious errors in a VE's testimony that lead to implausible results. See Farias v. Colvin, 519 F. App'x 439, 440 (9th Cir. 2013) ("A reasonable mind would not accept the VE's testimony that there are 3,600 head dance hall hostess positions in the local economy and 342,000 in the national economy."). Moreover, a reviewing court should "weigh both the evidence that supports and the evidence that detracts from the ALJ's factual conclusions." Gutierrez, 740 F.3d at 523.

**B.  Analysis**

The VE testified that Plaintiff could perform the position of "sorter" as described in DOT 526.687-010. The position described by that DOT code is actually entitled "potato-chip sorter," and the position is described as someone who "[o]bserves potato chips on conveyor and remove chips that are burned, discolored, or broken." DICOT 526.687-010, 1991 WL 674513 (1991).[2] The VE also testified that Plaintiff could also perform the position of "inspector" as described in DOT 529.687-114, which the DOT describes as someone who "[i]nspects candy or chewing gum in containers or on conveyor to ensure that it is formed, coated, cupped, wrapped, or packed according to plant standards." DICOT 529.687-114, 1991 WL 674763 (1991).

The VE testified that she determined how many jobs were available in these occupations by referring to the OES. AR 70 ("I used the Department of

---

[2] It would thus appear to the Court that the job involves safeguarding potato-chip consumers against what some have attempted to label as a "charp," or the "green, mutant like potato chip found in every potato chip bag." See http://www.urbandictionary.com/define.php?term=charp (last visited Oct. 22, 2014).

Labor Occupational Employment Statistics."). Unfortunately, the OES does not compile data by DOT code, but rather by Standard Occupational Classification System code ("SOC"), a new system adopted by the Bureau of Labor Statistics ("BLS").[3] The DOT codes identified by the VE appear in the larger category of "Inspectors, Testers, Sorters, Samplers, and Weighers" at SOC 51-9061. In May 2013, OES estimated that for SOC 51-9061 there were 471,750 total jobs available in the nation with 13,920 of those jobs located in the Los Angeles-Long Beach-Glendale, CA Metropolitan Division and another 6,880 in the Santa Ana-Anaheim-Irvine Metropolitan Division.[4] In reliance on these approximate numbers, the VE testified at the June 2012 hearing that there were approximately 100,000 jobs nationally and 4,000 regionally for the occupation of "sorter" as defined in DOT 526.687-010 and 200,000 jobs nationally and 6,000 regionally for the occupation of "inspector" as defined in DOT 529.687-114. AR 68-69.[5] The difference between the VE's testimony and the OES may be attributable to her practice of reducing the OES numbers. See AR 70-71 ("I do reduce the numbers. I never increase the numbers from what they have but I will reduce them based on my experience looking at the numbers and the types of jobs in an area.").

///

---

[3] BLS uses the SOC to "classify workers into occupational categories for the purpose of collecting, calculating, or disseminating data." See http://www.bls.gov/soc/.

[4] See http://data.bls.gov/cgi-bin/print.pl/oes/current/oes519061.htm; see also JS, Exh. 4.

[5] There is obviously a timing issue here. The VE could not have relied on the May 2013 OES figures in the record at the June 2012 hearing. However, it makes sense that the OES numbers on which the VE did rely would have been similar to the May 2013 numbers.

The Court sees an error in the VE's analysis, an error which is significant enough to give the Court reason to believe that the VE's conclusion is not only implausible but just plain wrong. The error arises from the fact that the occupations described in DOT 526.687-010 and 529.687-114 are but two of the 782 occupations in SOC 51-9061. See JS, Exh. 2 at 3-25. It is not clear how the VE determined that most if not all of the jobs available in SOC 51-9061 were "sorters" as described in DOT 526.687-010 or "inspectors" as described in DOT 529.687-114.[6] However the VE made this determination, it does not appear reasonable; it strains credulity to say the least for the Court to accept that there are 75,000 people nationally or 2,500 people in the southern California area making a living by either sorting potato chips or inspecting candy, yet that was what the ALJ concluded in reliance on the VE's flawed testimony. See AR 40.

The Court's concern about the VE's testimony is heightened because it is apparent to the Court that many of the jobs in SOC 51-9061 would be outside the limitations imposed by Plaintiff's RFC. Given that the title of SOC 51-9061 is "Inspectors, Testers, Sorters, Samplers, and Weighers," it is no surprise that there are other "sorter" jobs among the 782. For instance, DOT 573.687-038 identifies the occupation of "tile sorter," or someone who "sorts glazed tile according to color shades and defects." But a tile sorter must "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "deal with problems involving a few concrete variables in or from standardized situations," reasoning abilities which would appear to

---

[6] At least one court has identified the difficulty in applying the numerical data available by SOC codes to a particular DOT title, noting that such "many-to-one mapping . . . necessarily creates information loss." Brault v. Soc. Sec. Admin., Comm'r., 683 F.3d 443, 447 n.4 (2d Cir. 2012).

be beyond the ALJ's finding that Plaintiff is limited to "simple, repetitive tasks of one or two steps." Likewise, there are numerous "inspector" jobs in SOC Code 51-9061. DOT 622.281-010 identifies the occupation of "locomotive inspector" as a worker who "inspects railroad locomotives in roundhouse or shop to determine extent of wear and needed repairs, using handtools and measuring instruments." A locomotive inspector must "apply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists," skills far beyond Plaintiff's RFC. It is thus clear to the Court that the ALJ's error was not harmless.

Remand is appropriate where "no reasonable mind could accept the employment numbers proffered by the VE as substantial evidence." Farias, 519 F. App'x at 440-41. The Court concludes that "no reasonable mind" could believe that, of the approximately 470,000 people employed in the national economy as "Inspectors, Testers, Sorters, Samplers, and Weighers," 100,000 of these are potato-chip sorters and another 200,000 are candy inspectors. See, e.g., Daniels v. Colvin, No. 13-654, 2014 WL 794498, at *5-*6 (C.D. Cal. Feb. 26, 2014) (remanding because VE's testimony regarding the total number of available jobs was based on an unexplained conclusion "that roughly one-third of all people employed in the broad Counter and Rental Clerks category of jobs served as photofinishing clerks"); Darling v. Colvin, No. 13-266, 2013 WL 4768038, at *5-*6 (C.D. Cal. Sept. 4, 2013) (remanding for further proceedings because "the employment numbers the [VE] provided at the hearing may have erroneously pertained to entire . . . statistical groups rather than the individual representative occupations encompassed therein"); Direaux v. Colvin, No. 13-0061, 2013 WL 6239327, at *3-*5 (C.D. Cal. Dec. 3, 2013) (remanding because VE's opinion regarding availability of jobs in national and regional economies job was "fundamentally flawed") (citing Farias, 519 F. App'x at

440-41).

The Commissioner argues that the Court should not "second-guess" the ALJ's reliance on the VE's testimony. JS at 20. Yet the Court is required, even under the cases cited by the Commissioner, to determine whether the VE's testimony is "fundamentally flawed." See, e.g., Dunn v. Colvin, No. 13-1219, 2014 WL 2159275, at *9 (S.D. Cal. May 23, 2014) ("[T]his Court interprets Farias to allow a district court to remand a case when the vocational expert's testimony is fundamentally flawed."). The Commissioner offers no explanation, much less a persuasive one, for how the VE's testimony can be squared with the objective data. Where OES data on which the VE purported to rely shows that there are approximately 470,000 people employed in 782 different occupations, the VE must explain how she came to conclude that two of those occupations comprised more than half of those employed. This is particularly true where, as here, it appears to the Court from the description of those occupations and the application of common sense that those occupations would comprise a much smaller proportion.

In sum, because the VE provided no information as to the methodology and source of her testimony regarding the availability of the individual representative jobs, remand is appropriate. Upon remand the VE must provide sufficient, detailed evidence, including accurate information regarding the number of available jobs, to allow the ALJ to determine whether there are jobs that exist in significant numbers in the regional and national economies which Plaintiff can perform given her RFC.

///
///
///
///
///

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated: October 23, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge